IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENDARIUS SLATER**                                                                                        **PLAINTIFF**

v.                                                                         CIVIL ACTION NO.: 3:23-cv-20-TSL-MTP

**WP FOODS GRANDVIEW LLC**
**D/B/A ZAXBY'S**                                                                                           **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Kendarius Slater, by and through counsel, Watson & Norris, PLLC, files this action against the Defendant, WP Foods Grandview LLC d/b/a Zaxby's.  As more specifically set forth below, Plaintiff was discriminated against based on his sex (male) in violation of Title VII of the Civil Rights Act of 1964, as amended.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Kendarius Slater, is an adult gay male citizen residing in Madison County, Mississippi.

2. Defendant, WP Foods Grandview LLC d/b/a Zaxby's, is a Mississippi limited liability corporation that may be served with process through its registered agent: Jason Russell, 188 Main Street, Madison, Mississippi 39110.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction for actions that arise under Title VII.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC for Sex Discrimination on August 26, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on December 13, 2022, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 21-year-old gay male resident of Madison County, Mississippi.

7. Plaintiff was hired on March 11, 2022, as a General Manager at WP Foods Grandview LLC d/b/a Zaxby's (WPF).

8. On March 17, 2022, Manager on Duty Manager Jessica Thornton asked Plaintiff about his sexual orientation.

9. Plaintiff responded that he was gay.

10. Ms. Thornton then told Plaintiff that it was not "right" to be gay.

11. Ms. Thornton stated, "I don't think you should be gay here at your place of employment."

12. Plaintiff gave no response.

13. On March 18, 2022, General Manager James Davis told Plaintiff there had been complaints about him from customers and other employees.

14. This statement seemed odd to Plaintiff given he was still in training and had had very little interaction with customers or even with most of the other employees.

15. On that same day (March 18, 2022), in a phone call between Mr. Davis and Plaintiff, Mr. Davis then brought up the conversation that occurred between Plaintiff and

Ms. Thornton that occurred on March 17, 2022, i.e., in which Ms. Thornton spoke derogatively and discriminatorily about Plaintiff's sexual orientation.

16. In reference to that conversation, Mr. Davis stated, "I don't really know about that, but we are just going to have to let you go."

17. On August 26, 2022, Plaintiff filed an EEOC Charge of Discrimination due to sexual orientation.

18. The Charge was subsequently amended on September 18, 2022.

19. On November 17, 2022, in response to Plaintiff's Charge of Discrimination, WPF submitted a Position Statement to the EEOC.

20. WPF's Position Statement alleges that Plaintiff was terminated for "being rude and disrespectful to guests."

21. Specifically, the WPF Position Statement alleges that "On March 12, 2022, [Plaintiff] was given a verbal warning concerning his conduct to Company guests."

22. The Position Statement goes on to allege that Plaintiff "was rude to Company guests in the drive through window; he refused to repeat orders back to customers", and he refused to speak with guests.

23. Plaintiff contends these allegations are false.

24. He was never rude to any customers, he never refused to speak to any customers, and he was never given a verbal warning from WPF management.

25. The WPF Position Statement alleges Plaintiff was "rude to a guest who is a police officer, making derogatory comments about the guest's order and the guest's weight."

26. The Statement goes on to allege that Plaintiff "told the officer as he was taking his payment that "you don't need this salad," and then looked at the officer's appearance and added "oh wait, yes you do."

27. Plaintiff contends these allegations are completely fabricated and false as well.

28. Plaintiff denies ever being rude or derogatory toward any customer.

29. Plaintiff recalls having provided service to a police officer at one point, yet the interaction was completely appropriate and unremarkable.

30. Plaintiff contends he never had any conflict with any customers.

31. The WPF Position Statement alleges that Ms. Thornton "denies making any of the statements" about Plaintiff's sexual orientation.

32. Plaintiff adamantly contends Ms. Thornton made the statements against his sexual orientation, as detailed above.

33. The WPF Position Statement alleges that Mr. Davis denies bringing up the conversation that took place between Ms. Thornton and Plaintiff.

34. Plaintiff again adamantly contends this conversation was brought up by Mr. Davis.

35. The WPF Position Statement alleges that "the termination meeting was attended by Mr. Davis and Shelby Rutherford, she [Ms. Rutherford] also denies sexual orientation being discussed in the termination meeting."

36. Plaintiff contends that Mr. Davis terminated him during a phone conversation and that only the two of them were on the phone conversation.

## COUNT I: TITLE VII- SEX DISCRIMINATION

37. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

38. Based upon the facts as described in detail above, Defendant has discriminated against Plaintiff because of his sex based which constitutes a violation of the Title VII of the Civil Rights Act of 1964, as amended.

39. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

40. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Compensatory damages;
5. Punitive damages;
6. Pre-judgment and post-judgment interest;
7. A tax gross-up and all make whole relief;
8. Attorney's fees;
9. Costs and expenses; and
10. Any other relief the Court deems appropriate.

THIS the 10th day of January 2023.

          Respectfully submitted,

          KENDARIUS SLATER, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com